```
UNITED STATES DISTRICT COURT            FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
1329 REALTY LLC,                        :
                                        :
                  Plaintiff,            :
                                        :          MEMORANDUM
         - against -                    :          AND ORDER
                                        :
UNITED STATES LIABILITY INSURANCE       :          05 CV 3363 (JG)
GROUP d/b/a UNITED STATES LIABILITY     :
INSURANCE COMPANY,                      :
                                        :
                  Defendant.            :
----------------------------------------------------------------- X
```

A P P E A R A N C E S :

    ISRAEL VIDER LAW OFFICES
        1507 Avenue M
        Brooklyn, NY 11230
    By:    Israel Vider
        Attorneys for the Plaintiff

    MIRANDA & SOKOLOFF, LLP
        240 Mineola Blvd.
        Mineola, NY 11501
    By:    Eric B. Stern
        Attorneys for the Defendant

JOHN GLEESON, United States District Judge:

        1329 Realty LLC ("1329 Realty"), the plaintiff here, was a defendant in a state court personal injury action in 2003. It was properly served with process in that case on August 22, 2003. It failed to answer or otherwise appear. In November 2003 it received a notice of motion for a default judgment, which was returnable on December 10, 2003. Once again, it did not appear, and 1329 Realty was adjudicated to be in default by the state Supreme Court on December 12, 2003. 1329 Realty's appeal of the default judgment failed; the Appellate Division found that it had failed to demonstrate a reasonable excuse for the default and failed to

demonstrate that it lacked actual notice of the lawsuit. Before the inquest on the personal injury plaintiff's damages, 1329 Realty settled the case for $150,000.

In this case, 1329 Realty has sued its insurer, United States Liability Insurance Group ("United"). The case started out in state court, but United removed it to this Court. 1329 Realty claims that United was obligated to defend the personal injury action on 1329 Realty's behalf, and to indemnify it for any loss it sustained. However, because 1329 Realty failed to notify United of the personal injury action until December 2, 2003, more than three months after 1329 Realty admits it was served and just eight days before the return date of the default motion, I conclude that 1329 Realty has failed as matter of law to show that it provided reasonable notice to United of the lawsuit, as the terms of its policy required it to do. Accordingly, as set forth more fully below, I grant United's motion for summary judgment. 1329 Realty's cross-motion is denied.

## BACKGROUND

On August 6, 2003, Milosz Jagiela filed a personal injury action against 1329 Realty in the Supreme Court for Kings County.[1] Jagiela claimed he had suffered injuries on June 15, 2003, when he fell while working at a property owned by 1329 Realty.

At the time of Jagiela's alleged injury, 1329 Realty had in place a comprehensive liability insurance policy for its property issued by United (effective from March 5, 2003 to September 5, 2003). That policy had a notice provision requiring 1329 Realty to notify United "as soon as practicable of an 'occurrence' or an offense which may result in a claim." Decl. of Israel Vider, Ex. D at 5. It further required that if a "claim is made or 'suit' is brought against"

---

[1] Unless otherwise noted, these facts are taken from 1329 Realty's Statement Pursuant to FRCP 56 of Material Facts As to Which There Exists No Genuine Issue To Be Tried ("Pl.'s Rule 56 Statement").

1329 Realty, it must notify United in writing "as soon as practicable" and "[i]mmediately" send copies of all legal papers to United. *Id*. at 5-6.

On August 22, 2003, the summons and complaint for the action *Jagiela v. 1329 Realty, LLC*, No. 28961/03 (N.Y. Sup. Ct. Kings County filed Aug. 6, 2003), were served on 1329 Realty by delivery to the authorized agent for such service in the office of the Department of State for the State of New York. *See id.*, Ex. M at 2. By operation of § 303(a) of the New York Limited Liability Company Law, service of process on 1329 Realty was "complete when the secretary of state [was] so served." 1329 Realty did not respond to the lawsuit. In late November 2003, it was served by mail with a motion for a default judgment. That motion had a return date of December 10, 2003. On December 2, 2003, nearly four months after the action was filed, and more than three months after service of the summons and complaint, 1329 Realty notified United of the *Jagiela* action and requested that it defend and indemnify 1329 Realty in that action.[2]

Neither 1329 Realty nor United appeared in court to defend the action on December 10, 2006. After a two-day adjournment, the state court entered a default judgment against 1329 Realty.

By letter dated December 15, 2006, United notified 1329 Realty that United was disclaiming coverage on multiple grounds, including 1329 Realty's violation of the policy's requirement that it notify United as soon as practicable of any lawsuit against it.

1329 Realty moved in the state Supreme Court to vacate the default, to no avail. On appeal, the Appellate Division, Second Department affirmed, holding that 1329 Realty

---

[2] 1329 Realty states that "[i]t is not exactly clear on which date the motion papers arrived at the office of 1329," Pl.'s Rule 56 Statement at 4 n.1, but 1329 Realty has admitted that United first received notice of the action on December 2, 2003, *see* Decl. of Eric B. Stern, Ex. C at 2.

"failed to demonstrate a reasonable excuse for its default" and "failed to meet its burden of demonstrating that it lacked actual notice of the action in time to defend." *Jagiela v. 1329 Realty, LLC*, 792 N.Y.S.2d 873, 874 (2d Dep't 2005) (citations omitted). Before the inquest into damages, however, 1329 Realty and Jagiela settled the lawsuit for $150,000, and on the parties' request the Supreme Court vacated the default judgment against 1329 Realty.

DISCUSSION

United argues that it has no duty to indemnify 1329 Realty in the *Jagiela* action because it received unreasonably late notice of the *Jagiela* lawsuit from its insured. United advances further arguments in support of its motion for summary judgment, but I need not address those because I find 1329 Realty's late notice of claim to be dispositive.

For its part, 1329 Realty argues that the delay of over three months before it provided notice of the *Jagiela* action to United was reasonable because it did not have actual notice of the personal injury claim until late November, when it was served with the motion for a default judgment. In fact, 1329 Realty contends that the only unreasonable delay in this case was United's – in sending its notice of disclaimer – and 1329 Realty cross-moves for summary judgment in its favor accordingly.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

4

(quotation marks and citation omitted). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).

> Critically,
>
> the moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.

*Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted). The nonmoving party cannot survive summary judgment by casting mere "metaphysical doubt" upon the evidence produced by the moving party. *Matsushita*, 475 U.S. at 586; *see also Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84 (2d Cir. 2004) ("[T]he existence of a mere scintilla of evidence in support of nonmovant's position is insufficient to defeat the motion; there must be evidence on which a jury could reasonably find for the nonmovant.") (citation omitted).

Here, United has demonstrated that there is no evidence to support a crucial component of 1329 Realty's case, *i.e.*, that its delayed notice to United of the *Jagiela* case was not unreasonable. Under New York law,

> [a] provision that failure to give any notice [of an occurrence or claim] within the time prescribed therein shall not invalidate any claim made by the insured . . . *if it shall be shown* not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.

N.Y. Insurance Law § 3420(a)(4) (McKinney 2004) (emphasis added). At oral argument, 1329 Realty's counsel contended that it was United's burden to prove that 1329 Realty's failure to notify United of the lawsuit was unreasonable. *See* Tr. of October 5, 2006, at 12-13. New York law, however, states otherwise: "The burden of establishing that the delay was not unreasonable

5

falls on the insured." *Argo Corp. v. Greater New York Mut. Ins. Co.*, 4 N.Y.3d 332, 340 (2005) (citation omitted); *see also Sec. Mut. Ins. Co. v. Acker-Fitzsimons Corp.*, 31 N.Y.2d 436, 440 (1972) ("Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy, and the insurer need not show prejudice before it can assert the defense of noncompliance.") (citations omitted). Furthermore, where, as here, the policy contains a notice-of-claim provision, such notice is a condition precedent to the insurer's liability. *Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co.*, 748 F.2d 118, 121 (2d Cir. 1984). Accordingly, "late notice is a complete defense . . . regardless of whether the insurance company was prejudiced." *Crucible Materials Corp. v. Aetna Cas. & Sur. Co.*, 228 F. Supp. 2d 182, 193 (N.D.N.Y. 2001).

1329 Realty cannot meet its burden in this regard. The United policy had a provision requiring 1329 Realty to notify United "as soon as practicable" if a "claim is made or 'suit' is brought against" 1329 Realty.[3] 1329 Realty has adduced no evidence from which a jury could find that it was reasonable for it to forward the summons and complaint to United only after three months had passed from service of those documents on 1329 Realty, and just eight days before the return date on the motion for a default judgment. New York courts have frequently found lack of reasonable notice in circumstances involving the passage of less time than passed here. *See, e.g.*, *Deso v. London & Lancashire Indem. Co.*, 3 N.Y.2d 127, 131 (1957) (51 days); *Republic New York Corp. v. Am. Home Assurance Co.*, 509 N.Y.S.2d 339, 340 (1st Dep't 1986) (45 days); *Power Auth. v. Westinghouse Elec. Corp.*, 502 N.Y.S.2d 420, 424 (1st Dep't 1986) (53 days).

1329 Realty's counsel admitted at oral argument that, absent a valid excuse, the

---

[3] The policy also had a notice of occurrence obligation. However, I assume for purposes of United's motion for summary judgment that 1329 Realty was unaware of Jagiela's injury (if he was injured at all) on 1329 Realty property in June 2003, which excuses the lack of notice of the occurrence.

delay between the service of process on 1329 Realty and the notice of claim sustains United's disclaimer of coverage. *See* Tr. of October 5, 2006, at 14. The excuse 1329 Realty offers is that it lacked actual notice of the claim against it because it never actually received the summons and complaint from the Department of State for the State of New York. But 1329 Realty cannot fend off summary judgment (much less achieve summary judgment in its favor) with that bare assertion, for several reasons.

First, 1329 Realty has failed to cite admissible evidence in support of its claim that it did not receive actual notice. Though it asserts that "the sworn unrefuted statement of Levi Myski" establishes that it "never received the Summons and Complaint in the Jagiela action," Pl.'s Rule 56 Statement ¶ 20, that statement (which is annexed as Exhibit O to the Declaration of Israel Vider dated July 17, 2006) says no such thing, and I find no support anywhere else in the record for 1329 Realty's claim.

Second, even if 1329 Realty had put forth evidence to support its claimed lack of actual notice, summary judgment in United's favor would be appropriate. It is undisputed that 1329 Realty was properly served with the summons and complaint when Jagiela delivered those documents to the agent designated for that purpose by the Department of State for the State of New York. It is also undisputed that the address for 1329 Realty on file with the Department of State, which was obligated by statute to send the summons and complaint to 1329 Realty, was correct at the time service was effected. At oral argument, counsel for 1329 Realty claimed that a trial was necessary, at which postal workers would be examined, on the issue of whether, how and to whom service was delivered from the Department of State, and whose signature actually appeared on any receipt for the service. Tr. of October 6, 2006, at 14-16. I hold otherwise, and find support in what Chief Judge Kaye has described as a "familiar proposition[]" of New York

7

law: "a properly executed affidavit of service raises a presumption that a proper mailing occurred, and a mere denial of receipt is not enough to rebut this presumption." *Kihl v. Pfeffer*, 94 N.Y.2d 118, 122 (1999) (citation omitted).

Third, 1329 Realty's argument suffers from the additional disability of having already been rejected by the New York courts. In the *Jagiela* case, 1329 Realty alleged, as it does here, that it had not received actual notice of the action until it received the notice of motion for the entry of default in late November 2003. The Appellate Division's decision against 1329 Realty (*i.e.*, affirming the denial of 1329 Realty's motion to vacate the default judgment) rejected that claim, finding that 1329 Realty had "failed to meet its burden of demonstrating that it lacked actual notice of the action in time to defend." *Jagiela v. 1329 Realty, LLC*, 792 N.Y.S.2d 873, 874 (2d Dep't 2005) (citation omitted). In arguing that it should be permitted to relitigate that same issue here in its effort to establish that the delayed notice of claim was reasonable, 1329 Realty relies on the fact that the default judgment affirmed by the Appellate Division was later vacated. But the circumstances of such a vacatur matter. Here, it occurred because subsequent to the Appellate Division's decision, 1329 Realty paid $150,000 to settle the *Jagiela* action and to obtain Jagiela's agreement to vacate the default. Litigants should not be permitted to avoid the direct consequences of adverse state court judgments merely by settling the cases in which those judgments have been entered. *Cf. U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) (holding that settlement does not justify vacatur of a judgment under review).

Finally, though it is hornbook law that an insurer need not show that it was prejudiced by a late notice of claim in order to disclaim coverage on that ground, in this case

United suffered the precise form of prejudice the notice requirement is intended to prevent. Notice provisions ensure that insurers have an adequate opportunity to protect themselves, *see Acker-Fitzsimons*, 31 N.Y.2d at 440, by, for example, investigating the claim, preparing possible defenses, and negotiating a resolution. By failing to respond to the claim, subjecting itself to a default judgment, and dropping the ball on notifying United, 1329 Realty deprived United of a timely opportunity to engage in those tasks.

1329 Realty argues that it "had absolutely nothing to gain by failing to send a copy of the summons and complaint to the insurer," and claims that "[n]o one has ever explained" why it would fail to do so. Pl.'s Mem. of Law In Supp. of Cross Mot. for Summ. J. at 14. But these arguments go nowhere. United need not explain why 1329 Realty failed to provide timely notice -- it need only demonstrate that the failure occurred. That 1329 Realty had nothing to gain by failing to provide prompt notice to United is likely true, but it is neither evidence that 1329 Realty had no notice of the *Jagiela* lawsuit nor a reason not to hold it accountable for its failure.

In sum, though I recognize that the question whether the unreasonableness of an insured's delayed notice of a lawsuit is typically one for a jury, summary judgment is nevertheless appropriate where, as here, there is no excuse for the delay. *See Heydt Contracting Corp. v. Am. Home Assurance Co.*, 536 N.Y.S.2d 770, 772 (1st Dep't 1989). Accordingly, I grant summary judgment in favor of United.

Correspondingly, I deny 1329 Realty's cross-motion for summary judgment. 1329 Realty claims United's 13-day delay in giving 1329 Realty notice of disclaimer was unreasonable. New York law provides:

> If under a liability policy delivered or issued for delivery in this state, an insurer

9

> shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

N.Y. Insurance Law § 3420(d) (McKinney 2004). Under this statute, "[a]n insurance company may not disclaim coverage if it fails to give its insured notice of the disclaimer 'as soon as is reasonably possible.'" *79th Realty Co. v. Wausau Ins. Cos.*, 776 N.Y.S.2d 96, 97 (2d Dep't 2004) (quoting N.Y. Insurance Law § 3420(d)) (citation omitted). This rule applies to United even though 1329 Realty failed to supply United with timely notice of the claim. *See, e.g.*, *id.*; *Ward v. Corbally, Gartland & Rappleyea*, 615 N.Y.S.2d 430, 431 (2d Dep't 1994); *Kramer v. Interboro Mut. Indem. Ins. Co.*, 574 N.Y.S.2d 575, 576 (2d Dep't 1991). The Second Circuit has explained that when "the insured eventually provide[s] notice to the insurer," that act automatically "trigger[s] the insurer's duty under New York Insurance Law § 3420(d) to provide coverage or disclaim within a 'reasonable time,'" and the insurer's "failure to do so estop[s] it from later denying coverage, even though the insurer would have otherwise been entitled to deny coverage based on the insured's failure to give timely notice." *Webster v. Mount Vernon Fire Ins. Co.*, 368 F.3d 209, 215 (2d Cir. 2004).

But United was entitled to deny coverage, because its delay of 13 days was reasonable. "[T]he delay occasioned by a reasonably prompt, thorough, and diligent investigation of the claim does not render the insurer's disclaimer untimely . . . ." *Id.* at 216 (internal quotation marks omitted). Here, United wrote a six-page, single-spaced notice of disclaimer to 1329 Realty setting forth four analytical bases for its disclaimer. *See* Aff. of Brian McGowan, Ex. B. I conclude that a 13-day turnaround for investigation, analysis, and the

drafting of such a document is reasonable.

It would be a closer call -- and maybe one for the jury -- had United based its disclaimer only upon lack of timely notice. *See, e.g.*, *79th Realty*, 776 N.Y.S.2d at 97 (holding a nine-month delay in disclaiming coverage because of late notice was unreasonable because "[t]his ground was readily apparent when [insurer] first received the notice of claim"); *Uptown Whole Foods, Inc. v. Liberty Mut. Fire Ins. Co.*, 756 N.Y.S.2d 251, 252 (2d Dep't 2003) (holding 57-day delay unreasonable because the disclaimer based on late notice could have been asserted any time insurer received notice of claim). But United had other considered bases for its disclaimer, and the 13-day delay while United analyzed and set forth those bases was reasonable. "[S]imply because [an insurer] may be able to disclaim on a particular ground does not mean that other grounds, discoverable through investigation, do not exist." *Mount Vernon Fire Ins. Co. v. Harris*, 193 F. Supp. 2d 674, 678 (E.D.N.Y. 2002). Indeed, "forcing an insurer to issue piecemeal denials of coverage would frustrate the insurer's right to investigate claims." *Id.* (quotation marks and alterations omitted).

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted and the plaintiff's cross-motion for summary judgment is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
November 3, 2006